UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-48-RJC

| MARION LAMONT SHERROD, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| SID HARKLEROAD, <u>et al.</u>, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1), and Plaintiff's Motion to Appoint Counsel. (Doc. No. 2).

Plaintiff is an inmate in the custody of the North Carolina Department of Corrections. According to his Complaint, Plaintiff was transferred to Marion Correctional Institution on September 2, 2009, with a known "chronic seizure disability." (Doc. No. 1 at 7). Plaintiff includes five (5) claims for relief that raise issues related to deliberate indifference to his medical needs, intentional racial discrimination, and violation of his alleged right to send and receive mail.

For example, Plaintiff alleges that Defendant John Morgan, while acting under color of state law, was deliberately indifferent to Plaintiff's seizure disability in the fall of 2009, and failed "in his duty to provide or renew medical restrictions and supply documentation of said restrictions, for the physical accommodation of his seizure disability." (<u>Id.</u>). Plaintiff contends Defendant Morgan caused him to be placed on the top bunk of a cell and this created a risk to Plaintiff because of his seizure disorder. Plaintiff also asserts that Defendant Morgan's

1

"deliberate indifference" caused him back pain and loss of feeling in his lower extremities. (Id.).

Plaintiff's Complaint alleges actions against each of the Defendants, and Plaintiff characterizes these actions of Defendants as creating genuine issues of deliberate indifference and cruel and unusual punishment. (Id. at 7-11). Plaintiff also alleges that one or more of the Defendants conspired to participate in a "systematic escalation, through discrimination, bordering on racial animosity." (Id. at 12). Plaintiff contends that through this deliberate indifference and through intentional acts, Defendants have deprived him of adequate medical care and created such a hostile environment that Plaintiff made "a serious attempt at suicide" in the spring of 2010. (Id. at 13).

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and identify cognizable claims or dismiss the complaint, or parts thereof. After reviewing Plaintiff's Complaint, the undersigned finds that Defendants shoudl file an Answer to the claims raised in Plaintiff's Complaint.

Last, Plaintiff moves the Court to appoint counsel to assist him in prosecuting his § 1983 Complaint. (Doc. No. 2). Plaintiff asserts that due to his incarceration his ability to litigate his case will be greatly restricted. And because of the "complexity" of the issues raised by Plaintiff's Complaint, there will be "significant research and investigation outside plaintiff's capacity to litigate." (Id. at 2). The law is well-settled that a civil litigant does not have a constitutional right

to counsel. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. of Iowa, 490 U.S. 296, 298 (1989) (noting that 28 U.S.C. § 1915 does not authorize the compulsory appointment of counsel); see also Bowman v.White, 388 F.2d 756, 761 (4th Cir. 1968) (noting that obtaining the assistance of court appointed counsel in a civil case "is a privilege not a right."). The Court has examined Plaintff's Complaint and concludes that he has been able to fairly articulate his claims for relief and that he does not require the assistance of counsel to press his claims in this lawsuit. Accordingly, the Court declines to exercise its discretion under 28 U.S.C. § 1915(e)(1) to request the assistance of private counsel to assist Plaintiff. Plaintiff's motion for appointment of counsel is denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk of Court shall prepare process and deliver copies of the Summons and Complaint to the United States Marshall for service on the Defendants.

2. The Defendants shall file Answer to Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure.

Signed: April 23, 2012

Robert J. Conrad, Jr.
Chief United States District Judge