# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12-cv-48-RJC

| | |
|---|---|
| MARION LAMONT SHERROD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| SID HARKLEROAD, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on its own motion. Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging various constitutional violations. (Doc. No. 1). The defendants which were served with process have filed either answers or a motion to dismiss. (Doc. Nos. 19, 22, 24, 26).

On October 22, 2012, Plaintiff filed what he labeled an ex parte motion for judgment as a matter of law; an ex parte declaration in support of his motion for judgment as a matter of law; and an ex parte memorandum in support of his motion for judgment as a matter of law. (Doc. Nos. 39-41). The Court finds that Plaintiff has offered no sufficient reason why these documents should be filed ex parte. First, Defendants will not have access to the documents or knowledge that the dispositive motion has been filed because the ECF system will not send a notice based on the ex parte label. Second, Plaintiff did not attach certificates of service to these ex parte documents. Defendants have a right to respond to Plaintiff's motion for judgment as a matter of law.

Accordingly, the Clerk of Court is directed to amend the docket entries to reflect that the motion for judgment on the pleadings and the supporting documents are not filed ex parte, and to

1

set response deadlines for the Defendants and send notice by email to the counsel for the Defendants.

**IT IS, THEREFORE, ORDERED** that the Clerk of Court shall amend the ECF docket entries for documents 39, 40, and 41 to remove the ex parte label.

**IT IS FURTHER ORDERED** that the Clerk of Court shall set appropriate response deadlines and cause notice to be sent to all parties and counsel in this action.

Signed: November 20, 2012

Robert J. Conrad, Jr.
Chief United States District Judge