# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:12-cv-48-RJC

| | |
|---|---|
| MARION LAMONT SHERROD, ) ) Plaintiff, ) ) v. ) ) SID HARKLEROAD, <u>et al.</u>, ) ) Defendants. ) ) | **ORDER** |

**THIS MATTER** is before the Court on its own motion. Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging various constitutional violations. (Doc. No. 1). The defendants that were served with process have filed either an answer or a motion to dismiss. (Doc. Nos. 19, 22, 24, 26, 80, and 83).

On August 1, 2013, the Clerk docketed two motions. The first motion Plaintiff labeled as "EX PARTE MOTION for Substitution." (Doc. No. 76). The second motion was labeled "Ex PARTE MOTION for Leave to File An Amended Complaint." (Doc. No. 77). On September 11 and 24, 2013, the Clerk docketed two other motions that Plaintiff submitted that were labeled as EX PARTE MOTION for Leave to File an Amended Complaint. Plaintiff failed to attach a proposed amended complaint to any of the motions to amend. (Doc. Nos. 81 and 84). On September 24, 2013, the Clerk docketed a document submitted by Plaintiff entitled "EX PARTE MOTION for Appointment of Counsel." (Doc. No. 86).

Each of the defendants in this matter are each represented by counsel and are entitled to service of all documents in this case absent a finding by this Court that such document should

1

not be made available and there has been no such finding in this case. The Ex Parte notation on these filings restricts access to the defendants as such documents are only available to the staff of the Western District and the Plaintiff, therefore the defendants would not have access or likely even notice that these documents had been filed and there is no certificate which indicates that Plaintiff served any of these documents on any of the defendants. Based on the foregoing, the Court will dismiss these Ex Parte motions without prejudice to Plaintiff's ability to re-file them without the Ex Parte designation. Further, Plaintiff is directed to file no other documents that bear the Ex Parte designation without an order from this Court.

Plaintiff has also filed a motion requesting private settlement which the Court will deny as nothing precludes the parties from discussing settlement without Court intervention. (Doc. No. 91). The Court has not yet entered a scheduling order in this case therefore any Court ordered mediation is not mandatory at this time.

Plaintiff has also filed a motion for appointment of counsel however as the Court noted in a previous Order denying counsel, Plaintiff has failed to articulate sufficient reasons that would entitle him to court-appointed counsel at this time. (Doc. No. 58: Order, filed Feb. 20, 2013). Plaintiff's motion will therefore be denied for the reasons stated in the Court's February 20, 2013 Order. (Doc. No. 92: Motion to Appoint Counsel).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Ex Parte motions are **DISMISSED** as being improperly submitted. (Doc. Nos. 76, 77, 81, 84 and 86).

2. Plaintiff is directed to file no further documents with an Ex Parte label unless allowed by Order of this Court.

3. Plaintiff's motion requesting private settlement is **DENIED**. (Doc. No. 91).

4. Plaintiff's motion to appoint counsel is **DENIED**. (Doc. No. 92).

Based on the foregoing, the Clerk of Court is directed to lift the restriction on the docket entries which Plaintiff has labeled as Ex Parte so that defendants may have access to the filings and to amend the docket entries to remove the Ex Parte label.

**IT IS SO ORDERED**.

Signed: March 13, 2014

Robert J. Conrad, Jr.
United States District Judge