UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-00048-RJC

| MARION LAMONT SHERROD, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SID HARKLEROAD, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Defendant Larry Bass's motion to dismiss or in the alternative, for judgment on the pleadings to which Plaintiff has responded. (Doc. No. 97).

**I.  BACKGROUND**

Plaintiff is a prisoner of the State of North Carolina who filed a pro se complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was injured while a prisoner in the Marion Correctional Institution on November 15, 2009. Specifically, Plaintiff alleges that he has a known seizure disorder and he was injured after one or more defendant officers placed him in a top tier bunk despite his protests, and that he suffered an injury while being transported down the stairs because one or more defendant officers did not properly monitor him. Plaintiff was subsequently treated for injuries but he contends that he has had long-term complications.

In the complaint, Plaintiff identifies Defendant Bass as a nurse who "joined in conspiracy with custody staff, to depict him as being intentionally 'aggressive'" after the "seizure incident" which resulted in Plaintiff suffering physical injuries and "excruciating long term harm, both to

1

Plaintiff's safety and mental health." Plaintiff further complains that Defendant Bass submitted a fraudulent statement regarding the November 15th seizure incident which was "void of any observations of Plaintiff's seizure disability despite institutional records." (Doc. No. 1: Complaint at 9-10). The end result, as Plaintiff contends, is that he received improper medical care following his fall after having the seizure and the false statements were made with "evil" intent. (Id. at 10). Finally, Plaintiff alleges that the false statements resulted in him being placed in the Security Threat Group which exposed him to "increasing animosity and individual discrimination." (Id. at 12-13).

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

When a defendant files a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure, the court must examine the pleadings and consider the facts in a light that is most favorable to the non-moving plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In so doing, the court is bound to accept well-pleaded factual allegations as true. See Erickson v. Pardus, 551 U.S. 89, 91 (2007). The granting of a motion to dismiss may be proper if, when accepting a plaintiff's – nondelusional – factual allegations as true, the complaint fails to state a claim as a matter of law. Ashcroft, 556 U.S. at 678. In other words, a plaintiff maintains the burden of pleading facts which support each of his claims for relief. See Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Mircrosoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)).

### B. Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are

2

closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In examining a motion for judgment on the pleadings, the court must accept all of the nonmovant's factual averments as true and draw all reasonable inferences in its favor. Bradley v. Ramsey, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004); Atwater v. Nortel Networks, Inc., 394 F. Supp. 2d 730, 731 (M.D.N.C. 2005). Judgment on the pleadings may be properly granted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Bradley, 329 F. Supp. 2d at 622. The standard is similar to that used in ruling on a Rule 12(b)(6) motion "with the key difference being that on a 12(c) motion, 'the court is to consider the answer as well as the complaint.'" Continental Cleaning Serv. V. United Parcel Serv., Inc., 1999 WL 1939249, at *1 (M.D.N.C. April 13, 1999) (internal citations omitted).

In resolving a motion for judgment on the pleadings, the court may rely on admitted facts in the pleadings, documents attached to the pleadings, and facts contained in materials of which the court may take judicial notice. Bradley, 329 F. Supp. 2d at 622 (noting that the Court should consider documents attached to the pleadings); Hebert Abstract Co. Inc. v. Touchstone Prop., Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (holding that court should consider pleadings and judicially noticed facts).

### III. DISCUSSION

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim).

Plaintiff's principal complaints against Defendant Bass are that he provided inadequate medical treatment by providing false statements following his seizure and that the false statement, along with other co-defendant statements, led to him being placed in the Security Threat Group which curtailed his rights and privileges.

The Eighth Amendment provides that a prisoner is entitled to adequate medical care. In Farmer v. Brennan, the Supreme Court held that the Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). To establish an Eighth Amendment claim, a prisoner must demonstrate (1) that the deprivation was objectively, sufficiently serious—that is, the deprivation must be a "denial of the minimal civilized measure of life's necessities" and (2) that the defendant was deliberately indifferent to the prisoner's health or safety. Id. at 834 (internal quotations marks and citations omitted). See also Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Furthermore, "[d]eliberate indifference requires that the defendant actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Rainer, 238 F.3d 567, 575 (4th Cir. 2001).

Plaintiff's complaint in this case is notably vague, and frankly, conclusory in its contention that Defendant Bass may have provided inadequate medical treatment. For instance, Plaintiff contends that Defendant Bass, while acting under color of state law, committed acts, or omissions, which "led to continued physical pain and impairment from his injuries." (1:12-cv-

00048, Doc. No. 1 at 10). However, Plaintiff fails to elaborate further except to allege that Defendant Bass's "false" statement contributed to his "individual labeling and classification on November 19, 2009 and serious attempt at suicide on April 13, 2010." (Id.).[1] And the Court notes, that inmates have no constitutionally protected right – and therefore an actionable right under § 1983 – to a particular custody classification, in particular, because as Plaintiff admits, the disciplinary action which he contends was caused, at least in part, by Bass's statement, was dismissed. See, e.g., Sandin v. Connor, 515 U.S. 472, 485-86 (1995); O'Bar v. Pinion, 953 F.2d 74, 83 (4th Cir. 1991) (noting that "changes in conditions of confinement (including administrative segregation), and the denial of privileges are matters contemplated within the scope of the original sentence"). (See Compl. at 14: "Plaintiff Sherrod states that after his 11-15-2009 seizure incident, and subsequent A-3 Infraction dismissal [there was] an escalation of 'deliberate indifference towards his physical injuries,'" and his incoming legal mail began being compromised by prison officials."). Notably, however Plaintiff cannot reasonably contend that Defendant Bass had any impact on his legal mail.

IV. **CONCLUSION**

For the reasons stated herein, the Court finds that Plaintiff's claim of medical mistreatment –through actual treatment or an allegedly false statement – fails to state a claim under § 1983 and the motion for judgment on the pleadings will be granted.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for extension of time to file a response to the motion to dismiss, or for judgment on the pleadings is **GRANTED**. (Doc. No.

---

[1] Plaintiff does provide details regarding ongoing medical treatment following his seizure, and that it was Defendant Morgan that provided deliberately indifferent medical treatment that day by failing to provide the "standard" treatment. (Doc. No. 1 at 8).

99).

**IT IS FURTHER ORDERED** Defendant Bass's motion for judgment on the pleadings is **GRANTED.** (Doc. No. 97). Defendant Bass's motion to dismiss will therefore be **DISMISSED** as moot.

**IT IS SO ORDERED**.

Signed: March 30, 2015

Robert J. Conrad, Jr.
United States District Judge