# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12-cv-48-RJC

| | |
|---|---|
| **MARION LAMONT SHERROD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| **SID HARKLEROAD, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on a periodic status review in light of the Fourth Circuit Court of Appeals' order vacating and remanding this action following this Court's grant of summary judgment to Defendants, (Doc. Nos. 147, 151), as well as Plaintiff's pending Motion for Reconsideration, (Doc. No. 149), and Motions to Appoint Counsel, (Doc. Nos. 150, 152).

## I. BACKGROUND

Pro se Plaintiff Marion Lamont Sherrod filed the Complaint on February 20, 2012, alleging that various Defendants violated his rights. In it, he raised five claims for relief related to deliberate indifference to his medical needs, intentional racial discrimination, and violation of his alleged right to send and receive mail. (Doc. No. 1). Following initial review by the Court, the United States Marshals Service (USMS) was ordered to serve Defendants Larry Bass, FNU Edwards, Sid Harkleroad, Margaret Johnson, Patricia McEntire, John Morgan, and Stephen Shook. (Doc. No. 6).

Defendant Morgan filed a motion to dismiss on June 21, 2012, arguing that the Court lacks

1

jurisdiction due to insufficient service of process;[1] that Plaintiff failed to state a claim for deliberate indifference to a serious medical need, violating the Americans with Disabilities Act ("ADA,"), or retaliation; and other grounds including *res judicata* and qualified immunity. (Doc. No. 24). Plaintiff filed a response opposing dismissal. (Doc. No. 30). With regards to the service of process issue, Plaintiff argued that he had no control over service of process because he is incarcerated, he paid for service by mail, the Government breached its contract by failing to serve Defendant Morgan, and Defendant Morgan tampered with United States certified mail. The Court granted Defendant Morgan's motion to dismiss on February 20, 2013, for failure to state a claim, and did not reach the other arguments in favor of dismissal. (Doc. No. 58). It specifically found that Plaintiff failed to state an Eighth Amendment claim against him for deliberate indifference to a serious medical need. The allegations tended to show that Defendant Morgan knew of Plaintiff's seizure disorder and provided medical treatment. However, disagreement with that treatment did not state a § 1983 claim and no exceptional circumstances were present. Further, Plaintiff admitted he was receiving treatment for the seizure disorder. The Complaint merely stated a claim of medical negligence or malpractice not a § 1983 deliberate indifference claim.

On August 13, 2014, Defendant Larry Bass filed a motion to dismiss or, alternatively, for judgment on the pleadings. (Doc. No. 98). He argued that the Eighth Amendment claim should be dismissed because the Court found in its February 20, 2013, Order that Plaintiff's medical care was not deliberately indifferent, and that he is entitled to qualified immunity on the allegation that Bass retaliated against him by making a false statement that led to his placement in a higher security classification. On March 30, 2015, the Court granted Defendant Bass' motion to dismiss,

---

[1] Defendant Morgan asserts that he was never personally served with a copy of the Complaint. He filed affidavits explaining that the return receipt was signed by Morgan Correctional Institution Processing Assistant Virginia Brookshire, who was not authorized to accept service on his behalf, which resulted in insufficient service under North Carolina law, citing Elkins v Broome, 213 F.R.D. 273, 276 (2003).

finding that the allegations were too lacking in factual support to state a claim for inadequate medical treatment Defendant Bass may have provided or any false statement he may have made, and further, custodial classification is not actionable under § 1983. (Doc. No. 107).

On October 14, 2015, the remaining Defendants – Harkleroad, Edwards, Shook, McEntire, and Johnson – filed a motion for summary judgment arguing that: (1) Plaintiff failed to exhaust administrative remedies; (2) Plaintiff failed to state a claim with regards to disciplinary infractions and classification amounting to a due process violation; (3) Plaintiff failed to state a claim with regards to retaliation; (4) Plaintiff failed to state a claim with regards to his legal mail; (5) Plaintiff failed to state a claim regarding any risk of harm amounting to deliberate indifference; (6) Sovereign and Eleventh Amendment immunity bars Plaintiff from seeking damages from Defendants in their official capacities; (7) qualified immunity shields Defendants from Plaintiff's claims for monetary damages; and (8) claims that were previously litigated in the North Carolina Industrial Commission are barred by *res judicata*. (Doc. Nos. 121, 122).

Plaintiff filed a motion for summary judgment, (Doc. No. 123), as well as motions for leave to file an amended complaint, (Doc. No. 124), and for judgment as a matter of law, (Doc. No. 130).

In an Order entered March 30, 2016, the Court granted Defendants' motion for summary judgment and denied Plaintiff's motions for summary judgment, leave to amend, and judgment as a matter of law. (Doc. No. 132). With regards to Defendants' motion for summary judgment, the Court found that Plaintiff's allegations were speculative and failed to state a claim for deliberate indifference under the Eighth Amendment. It reasoned that because Plaintiff "simply assumes in his complaint – without sufficient factual support – that all of the defendants had intimate knowledge about his seizure disorder, and after being armed with this knowledge the defendants (1) deliberately tried to cause his injury by placing him in a top tier cell, (2) deliberately endangered

him as he was conducted down the steps after the fall, and they deliberately failed to provide proper medical treatment." (Doc. No. 132 at 8). The Court concluded that Plaintiff alleged, at most, that he was dissatisfied with the scope and course of treatment he received, which is not actionable under § 1983 as a claim for deliberate indifference to a serious medical need. The Court further found that Plaintiff failed to present sufficient allegations to sustain an action regarding his reclassification because prison officials are given broad discretion when classifying conditions of confinement. The court also found that his allegations with regards to his legal mail are too vague and conclusory to state a claim.

Plaintiff appealed the Court's judgment in favor of Defendants and the Fourth Circuit reversed. Sherrod v. Harkleroad, 674 Fed. Appx. 265 (4th Cir. 2017). It identified as Plaintiff's "primary claim" the allegation that, "despite notice to Defendants that he suffered from seizures, he was housed in an upstairs cell in a top bunk and, as a result, he fell, seriously injuring himself; he alleged this was evidence of an Eighth Amendment violation and deliberate indifference to his serious medical needs." (Id. at 266). It disagreed with the Court's conclusion that the complaint failed because Plaintiff "simply assumed in his complaint, without sufficient factual support, that all of the Defendants had intimate knowledge about his seizure disorder." (Id.). The Fourth Circuit explained:

> In his properly executed declaration, Sherrod alleged that medical provider John Morgan and manager Patricia McEntire, both named Defendants, had knowledge of his seizure disorder but failed to accommodate his disability, leading to his serious injuries due to a fall. We make no finding as to whether Sherrod ultimately may prove an Eighth Amendment violation against the Defendants, see Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Iko v. Shreve, 535 F.3d 225, 238-39 (4th Cir. 2008), but find that he alleged enough to survive the Defendants' motion for judgment on the pleadings .

(Id. at 266-67).

The Fourth Circuit accordingly vacated the judgment in Defendants' favor and remanded

for proceedings consistent with its opinion. (Id.).

## II. PROCEEDINGS ON REMAND

The Fourth Circuit specifically found Plaintiff sufficiently stated a claim that Defendants Morgan and McEntire had knowledge of his seizure disorder but failed to accommodate his disability, leading to his serious injuries due to a fall. It did not, however, disturb the grant of summary judgment in favor of Defendants Harkleroad, Edwards, Shook, and Johnson, or the earlier dismissal in favor of Defendant Bass. The case is therefore pending solely against Defendants McEntire and Morgan on the claim of deliberate indifference as described by the Fourth Circuit. See (Doc. No. 147, 151). The Court will therefore instruct the Clerk of Court to modify the docket to reflect the two remaining Defendants.

Defendant Morgan was terminated from the case on February 20, 2013, when his motion to dismiss was granted on the grounds that Plaintiff had failed to state a claim. However, he also alleged in his motion to dismiss that he was never personally served a copy of the Complaint by the incarcerated, indigent Plaintiff. The Court has never reached that issue. (Doc. Nos. 24, 25, 58). In light of Defendant Morgan's assertion that service was insufficient, and the timing of his dismissal long before discovery commenced, it is in the interest of justice and judicial economy to re-open the case as to Defendant Morgan and have him personally served with a copy of the Complaint and this Order.[2] The Court will therefore instruct the USMS to use reasonable efforts

---

[2] Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995). Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

5

to locate and obtain personal service on Defendant Morgan at Morgan's home address in accordance with Rule 4 of the Federal Rules of Civil Procedure. If the USMS obtains the home address for Defendant Morgan, the address may be redacted from the summons forms for security purposes following service on Defendant.

### III. PLAINTIFF'S MOTION FOR RECONSIDERATION

On January 24, 2017, the Clerk of Court docketed Plaintiff's pro se letter as a Motion for Reconsideration, (Doc. No. 149), in which he states that he does not think his "Motion for Summary Judgment," Docket Numbers 123, 124, 125, and 130, was ever "arbitrated." (Doc. No. 149 at 1).

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

The record refutes Plaintiff's claim that various docket entries were never "arbitrated." The Court interprets that term to mean "decided." Docket numbers 123 (Plaintiff's motion for

6

summary judgment), 124 (Plaintiff's motion for leave to file an amended complaint), and 130 (Plaintiff's motion for judgment as a matter of law), were all considered and denied on March 30, 2016, (Doc. No. 132). The portion of the judgment denying those pleadings was not disturbed on appeal. See Sherrod, 674 Fed. Appx. at 265. Docket number 125 is a declaration, rather than a motion, and thus did not need to be resolved in an order.

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. Plaintiff's motion for reconsideration does not present evidence that was unavailable when he filed his amended complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiff's motions for reconsideration.

## IV.  PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL

Plaintiff has filed two motions for the appointment of counsel,[3] (Doc. Nos. 150, 152), in which he states that he is proceeding in forma pauperis and cannot afford counsel, his imprisonment greatly limits his ability to litigate, his claim has merit, the issues are complex and require significant research and investigation including contacting witnesses to whom he has no access, he lacks access to courts, the case will involve conflicting evidence and the need for cross examination, he expects the facts in his motion for summary judgment will be strongly disputed because of the criminal implications of the evidence, he lacks legal education, his injuries are severe and life-threatening, he takes mental health medication and has a seizure disability, and he has made repeated efforts to obtain a lawyer since 2012.

---

[3] Plaintiff has previously filed numerous motions for the appointment of counsel in this case, see (Doc. Nos. 2, 38, 63, 86, 92, 112, 114), all of which have been denied. The Fourth Circuit also denied his motion for the appointment of counsel on appeal. See Sherrod, 674 Fed. Appx. at 267.

7

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's Motions to Appoint Counsel will be denied.

**IT IS THEREFORE ORDERED that:**

(1) The U.S. Marshal shall use all reasonable efforts to locate and obtain personal service on Defendant John Morgan at Defendant's home address. If the U.S. Marshal is unable to obtain personal service on Defendant Morgan, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service.

(2) The Clerk is respectfully instructed to mail a copy of the Complaint, (Doc. No. 1), and this Order to the U.S. Marshal.

(3) The Clerk is further respectfully instructed to re-open the case against Defendant Morgan, and terminate the case as to Defendants Harkleroad, Edwards, Shook, and Johnson.

(4) Plaintiff's Motion for Reconsideration, (Doc. No. 149), is **DENIED**.

(5) Plaintiff's Motions for the Appointment of Counsel, (Doc. Nos. 150, 152), are **DENIED**.

Signed: July 19, 2017

Robert J. Conrad, Jr.
United States District Judge