# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:12-cv-48-RJC

| | |
|---|---|
| MARION LAMONT SHERROD, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| SID HARKLEROAD, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Plaintiff's "Motion for Relief from Order and Motion for Court to Withdraw the Summons and Complaint Directed to John Morgan, F.N.P." (Doc. No. 158); see (Doc. Nos. 156, 157). The motion will be granted.

Pro se Plaintiff Marion Lamont Sherrod filed the Complaint on February 20, 2012, alleging claims related to deliberate indifference to his medical needs, intentional racial discrimination, and violation of his right to send and receive mail. (Doc. No. 1). Following initial review by the Court, the United States Marshals Service was ordered to serve Defendants Larry Bass, FNU Edwards, Sid Harkleroad, Margaret Johnson, Patricia McEntire, John Morgan, and Stephen Shook. (Doc. No. 6).

Defendant Morgan filed a motion to dismiss on June 21, 2012, arguing *inter alia* that the Court lacks jurisdiction due to insufficient service of process and that Plaintiff failed to state a facially sufficient claim for deliberate indifference to a serious medical need. (Doc. No. 24). Plaintiff filed a response opposing dismissal. (Doc. No. 30). The Court granted Defendant Morgan's motion to dismiss on February 20, 2013, for failure to state a claim, and did not reach

1

the other arguments in favor of dismissal. (Doc. No. 58). Defendant Larry Bass' motion to dismiss or, alternatively, for judgment on the pleadings, (Doc. No. 98), was also granted. (Doc. No. 107).

The remaining Defendants – Harkleroad, Edwards, Shook, McEntire, and Johnson – filed a motion for judgment on the pleadings. (Doc. Nos. 121, 122). Plaintiff filed a motion for summary judgment, (Doc. No. 123), as well as motions for leave to file an amended complaint, (Doc. No. 124), and for judgment as a matter of law, (Doc. No. 130). In an Order entered March 30, 2016, the Court granted Defendants' motion for judgment on the pleadings and denied Plaintiff's motions for summary judgment, leave to amend, and judgment as a matter of law. (Doc. No. 132).

Plaintiff appealed the Court's judgment in favor of Defendants and the Fourth Circuit reversed. Sherrod v. Harkleroad, 674 Fed. Appx. 265 (4th Cir. 2017). It identified as Plaintiff's "primary claim" the allegation that, "despite notice to Defendants that he suffered from seizures, he was housed in an upstairs cell in a top bunk and, as a result, he fell, seriously injuring himself; he alleged this was evidence of an Eighth Amendment violation and deliberate indifference to his serious medical needs." (Id. at 266). It disagreed with the Court's conclusion that the complaint failed because Plaintiff "simply assumed in his complaint, without sufficient factual support, that all of the Defendants had intimate knowledge about his seizure disorder." (Id.). The Fourth Circuit explained:

> In his properly executed declaration, Sherrod alleged that medical provider John Morgan and manager Patricia McEntire, both named Defendants, had knowledge of his seizure disorder but failed to accommodate his disability, leading to his serious injuries due to a fall. We make no finding as to whether Sherrod ultimately may prove an Eighth Amendment violation against the Defendants, see Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Iko v. Shreve, 535 F.3d 225, 238-39 (4th Cir. 2008), but find that he alleged enough to survive the Defendants' motion for judgment on the pleadings.

(Id. at 266-67). The Fourth Circuit accordingly vacated the judgment in Defendants' favor and

2

remanded for proceedings consistent with its opinion. (Id.).

On remand, this Court issued an Order on July 20, 2017, that Defendant Morgan be reinstated as a defendant and served with process in accordance with the Fourth Circuit's mandate. (Doc. No. 156). A summons was then issued electronically to the United States Marshals Service. (Doc. No. 157). However, unbeknownst to the Court, Defendant Morgan had received clarification from the Fourth District that "notwithstanding the mention of the claim against Morgan in our opinion, the vacating of the district court's March 30, 2016, order does not affect the dismissal of Morgan as a party to this action." (Doc. No. 159-2 at 2). On July 25, 2017, Defendant Morgan filed a copy of the Fourth Circuit's clarification order and moved the Court to correct its July 20, 2017, Order, (Doc. No. 156), and withdraw the summons, (Doc. No. 157).

In light of the Fourth Circuit's order granting clarification, the Court withdraws the portions of the July 20, 2017, Order directing the United States Marshals Service to serve Defendant Morgan, and instructing the Clerk to reinstate the case against Defendant Morgan. See Fed. R. Civ. P. 60(a). The remainder of the July 20, 2017, Order remains in effect.

**IT IS, THEREFORE, ORDERED:**

1. Plaintiff's Motion for Relief from the Court's July 20, 2017, Order and Motion for the Court to Withdraw the Summons and Complaint Directed to John Morgan F.N.P., (Doc. No. 158), is **GRANTED**.

2. The portions of the Court's July 20, 2017, Order, (Doc. No. 156), reinstating John Morgan as a defendant in this case and directing the United States Marshals Service to personally serve him, are withdrawn.

3. The summons and complaint directed to John Morgan, (Doc. No. 157), are withdrawn.

4. The Clerk of Court is respectfully instructed to terminate John Morgan as a defendant in this case.

Signed: August 8, 2017

Robert J. Conrad, Jr.
United States District Judge