# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12-cv-48-RJC

| | |
|---|---|
| MARION LAMONT SHERROD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **STIPULATED** |
| ) | **PROTECTIVE ORDER** |
| SID HARKLEROAD, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the parties' Joint Motion for Protective Order, (Doc. No. 170).

The parties agree that the discovery process in this action may involve the production of information and documents in the possession of Plaintiff Marion Lamont Sherrod ("Sherrod") or the North Carolina Department of Public Safety ("NCDPS") regarding Sherrod and/or other individuals who are or have been in custody with, or employed by, NCDPS that a party contends is confidential. Good cause exists for the entry of a protective order limiting the disclosure of such information Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

**IT IS, THEREFORE, ORDERED** that the Joint Motion for Protective Order, (Doc, No. 170), is **GRANTED** as follows:

1. <u>Scope of the Order</u>. This Order applies to all information produced in discovery, filed, or otherwise presented in the course of the prosecution or defense of this action, provided that the presiding judicial officer shall determine the procedure for presentation of Confidential Information, as defined in this Order, at pre-trial hearings and trial.

1

2. <u>Use of Confidential Information</u>. All Confidential Information shall be used solely in the prosecution or defense of this action including, but not limited to, mediation, other alternative dispute resolution processes, any other settlement process, and all other pretrial, trial, and post-trial proceedings in this action, and shall not be used or disclosed by any person for any other purpose.

3. <u>Disclosure</u>. "Disclose" or "disclosure" means to provide, impart, transmit, transfer, convey, publish, or otherwise make available.

4. <u>Confidential Information</u>. "Confidential Information" consists of "General Confidential Information" and "Attorneys' Eyes Only Confidential Information," which are defined as follows:

a. "<u>General Confidential Information</u>" means:

    1) The personnel file, as that term is defined in N.C.G.S. § 126-22(3), maintained by the NCDPS of any current or former employee of the NCDPS, excluding personal information about the employee as described in Paragraph 4(b)(1).

    2) The medical and mental health records generated in the treatment or handling of the named Plaintiff during his incarceration within the NCDPS which are deemed confidential by N.C.G.S. §§ 148-74 and -76.

    3) Records generated in the housing and handling of the named Plaintiff during his incarceration within the NCDPS, including video recordings, which are deemed confidential by N.C.G.S. §§ 148-74 and -76.

    4) Other information that is potentially embarrassing or invasive of the privacy of a person not a party to this litigation and therefore an appropriate subject of a protective order under Rule 26(c)(1) of the Federal Rules of Civil Procedure.

    5) Reports of, investigations into, and any findings regarding alleged incidents of excessive force by any named Defendant against Plaintiff or anyone other than the named Plaintiff.

    6) Any other information, the disclosure of which a party believes in good faith would be harmful or prejudicial to it or another person.

b. "<u>Attorneys' Eyes Only Confidential Information</u>" means:

    1) Information including reports, records, and all other documents pertaining

to other inmates not named as a Plaintiff in this case.

2) Personal information about any current or former employee of the NCDPS that is not related to the employee's job performance or duties, such as social security numbers, home addresses and telephone numbers, insurance records or designations, medical and/or disability information, and other purely private information.

3) The medical and mental health records maintained by the NCDPS for current or former inmates of the NCDPS, other than the medical and mental health records of the named Plaintiff.

4) Highly sensitive security information as it relates to investigations, security designations, staffing patterns and logs, schematic or other drawings and diagrams, and other sensitive security information.

5. <u>Disclosure of General Confidential Information</u>. General Confidential Information shall not be disclosed to anyone except:

a. The Court and its personnel;

b. The parties to this action;

c. Counsel for the parties to this action and employees of said counsel;

d. Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, but only after execution of a Confidentiality Agreement as provided in Paragraph 7; and

e. Court reporters or videographers engaged to record depositions, hearings, or the trial in this action.

6. <u>Disclosure of Attorneys' Eyes Only Confidential Information</u>. Attorneys' Eyes Only Confidential Information shall not be disclosed to anyone except:

a. The Court and its personnel;

b. Counsel for the parties to this action and employees of said counsel;

c. Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, but only after execution of a Confidentiality Agreement as provided in Paragraph 7; and

d. Court reporters or videographers engaged to record depositions, hearings, or the trial in this action.

7. <u>Confidentiality Agreements</u>. Before Confidential Information is disclosed to any person described in Paragraphs 5(d) or 6(c) of this Order, counsel for the party disclosing the information shall inform the person to whom the disclosure is to be made that Confidential Information shall be used only for the purpose of the prosecution or defense of this action, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached hereto as Exhibit A. Counsel for the party disclosing the Confidential Information to said person shall maintain the original Confidentiality Agreement and need not produce it except by agreement of the parties or upon order of the Court.

8. <u>Designation of Confidential Information</u>. Information shall be designated as Confidential Information in the following manner:

    a. In the case of information reduced to paper form, the designation shall be made:

    (1) by placing the appropriate legend, "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" for General Confidential Information or "CONFIDENTIAL- ATTORNEYS' EYES ONLY" for Attorneys' Eyes Only Confidential Information, on each page containing such information or;

    (2) by such other means as agreed to by the parties. The party disclosing the information shall designate the documents as confidential at or before the time of disclosure. A party may make the designation with respect to information disclosed by another party by a writing directed to the producing party's counsel. The producing party's counsel shall then be responsible for labeling the designated information as provided herein.

    b. Information on a computer disk, data tape, or other medium that is in a native format shall be designated as General Confidential Information or Attorneys' Eyes Only Confidential Information:

    (1) by informing counsel for the parties to this action in writing that the computer disk, data tape, or other medium contains such Confidential Information and, where applicable, specifying by file name or other particular information being designated or;

    (2) by such other means as agreed to by the parties. To the extent practicable, such

physical medium should also be labeled using the appropriate legend. Any party receiving Confidential Information designated under this Paragraph 8(b) shall then be responsible for appropriately labeling any printed version(s) of such information that it creates.

c. In the case of deposition testimony, any party may designate information disclosed during a deposition as General Confidential Information or Attorneys' Eyes Only Confidential Information by either:

(1) identifying on the record at the deposition the information that is to be treated as Confidential Information or;

(2) marking the portions of the deposition transcript to be designated as Confidential Information within 21 days after receipt of the final transcript. When the deponent and the attending parties do not agree to waive the reading, correcting, and signing of the transcript, all information disclosed during a deposition shall be treated as Attorneys' Eyes Only Confidential Information before the expiration of the 21-day period unless otherwise agreed by the parties and the deponent. If any deposition testimony or any document or information used during the course of a deposition is designated as Confidential Information, each page of the deposition transcript containing such information shall be labeled with the appropriate legend specified in Paragraph 8(a), and the first page of the deposition transcript shall be labeled in a manner that makes it readily apparent that the transcript contains Confidential Information.

d. Any other information that is not reduced to physical form or cannot be conveniently labeled shall be designated as Confidential Information by serving a written notification of such designation on counsel for the other parties. The notice shall, where applicable, specify by file name and/or page number the particular information being designated.

e. To the extent that any NCDPS documents, records, and data have already been produced in this action by NCDPS to Plaintiff during the course of initial discovery, those materials shall be deemed General Confidential Information as defined herein without the designations noted above, including but not limited to any NCDPS records pertaining to Plaintiff. The Parties herein agree that said information shall be considered confidential as defined herein and shall be treated in accordance with the terms of this Order. Notwithstanding the foregoing, such information shall be subject to de-designation to the extent it does not otherwise constitute General Confidential

Information: if any party believes that any previously produced document or information does not fall within any of the categories of General Confidential Information set forth in Sections 4.a.1 through 4.a.6, then the parties shall meet and confer with respect to the confidentiality designation in accordance with Paragraph 9 below.

9. <u>Disputes over Designations</u>. If any party objects to the designation of any information as confidential, counsel for the objecting party and counsel for the designating party shall attempt to resolve the disagreement on an informal basis. If the objection is not so resolved, the objecting party may move the Court for appropriate relief. The information in question shall continue to be treated as confidential in accordance with the disputed designation unless and until the Court issues a final ruling that the information does not qualify for such a designation. The non-filing by the objecting party of a motion for relief shall not be deemed an admission that the information in question qualifies for the disputed designation.

10. <u>Inadvertent Disclosure of Confidential Information</u>. Inadvertent disclosure of Confidential Information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to similar or related information nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed if promptly called to the attention of counsel for each receiving party.

11. <u>Filing of Confidential Information Under Seal</u>. Before filing a document containing any Confidential Information, the filing party must confer with the other parties about how the document should be filed. If the filing party decides that the document should be sealed, the filing party shall file the document along with a motion to seal and supporting memorandum showing that the document may properly be sealed (<u>see</u>, <u>e.g.</u>, <u>Stone v. University of Maryland Medical System Corp.</u>, 855 F.2d 178, 180-81 (4th Cir. 1988)), and as may be provided in the Local Civil

Rules. If a party other than the filing party seeks to have the document sealed, the filing party shall file the document as a proposed sealed document. But instead of a motion to seal and supporting memorandum, the filing party shall file contemporaneously with the document a notice stating that, pursuant to this Paragraph 11, any party seeking the sealing of the document must within seven days file a motion to seal and supporting memorandum. If the party seeking the sealing of the document does not file a motion to seal and supporting memorandum within seven days, or such motion to seal is denied, the filing party may file the proposed sealed document as a publicly filed document within three days after the expiration of the seven-day period or entry of the order denying the motion to seal, consistent with any Local Civil Rules.

12. <u>Use of Confidential Information at Trial</u>. This Protective Order does not restrict or limit the use of Confidential Information at any hearing or trial. However, in the event a party in this litigation wants to file with or submit to the Court any Confidential Information at a hearing or at trial, that party shall first notify the designating party and attempt to reach an agreement regarding filing or redaction of the Confidential Information. If an agreement cannot be reached as to presentation of the Confidential Information, the party seeking to submit the Confidential Information shall obtain permission from the Court to file or submit said information Confidential Information under seal in the same or similar manner set forth in Paragraph 11.

13. <u>Authors/Recipients</u>. Except as specifically provided herein, this Order shall not limit use by a party of its own Confidential Information, nor shall this Order limit the ability of a party to disclose any document to its author or to anyone identified on the face of the document as a recipient.

14. <u>Return of Confidential Information</u>. Within 60 days of the conclusion of this action, including any appeals, a party that produced Confidential Information may request in writing its

return by any other party. Within 60 days after service of such a request, any party that received the Confidential Information shall either return it to counsel for the producing party or destroy it, at the election of the receiving party; provided that the information shall not be destroyed if otherwise ordered by the Court or a motion for relief from this Paragraph 13 is pending. If a receiving party elects to destroy the Confidential Information rather than returning it to the producing party, counsel for the receiving party shall provide to the producing party by the 60-day deadline a signed certification that the Confidential Information has been destroyed. This Paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys of record for each party as archival records or other attorney work-product created for any party. Any Confidential Information, or portions or excerpts thereof, which are not returned or destroyed pursuant to this Paragraph shall remain subject to the terms of this Order. The return of trial exhibits by the Court shall be governed by the Local Civil Rules.

15. <u>Admissibility of Information</u>. Neither the terms of this Order nor the disclosure or designation as confidential of any information pursuant to it shall be deemed to establish or vitiate the admissibility under the Federal Rules of Evidence of any information subject to this Order.

16. <u>Confidential Employee Information</u>. Pursuant to N.C.G.S. § 126-24(4), this Order authorizes the disclosure of confidential portions of the personnel files maintained by the NCDPS of current or former employees in accordance with the terms of this Order.

17. <u>Modification</u>. This Order is without prejudice to the right of any party or witness to seek modification or amendment of the Order by motion to the Court, or to seek and obtain additional protection with respect to Confidential Information as such party may consider appropriate.

Signed: November 9, 2017

8

Robert J. Conrad, Jr.
United States District Judge

EXHIBIT A TO STIPULATED PROTECTIVE ORDER

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:12-cv-48-RJC

| | |
|---|---|
| **MARION LAMONT SHERROD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CONFIDENTIALITY AGREEMENT** |
| ) | |
| **SID HARKLEROAD, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

    I have read and am familiar with the terms of the Stipulated Protective Order governing the disclosure of confidential information in the above-captioned case, and I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information obtained or already obtained, whether in documentary or other form, pursuant to that Order other than for purposes of this litigation. I also agree to return to counsel of record not later than 30 days after the termination of this litigation any and all documents in my possession containing information which is the subject of said Order (whether such information is in the form of notes, memoranda, reports, or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order). I further agree to submit myself to the jurisdiction of the foregoing.

_____
Signature
_____
Name
_____
Date