UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-48-RJC

| | |
|---|---|
| MARION LAMONT SHERROD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| SID HARKLEROAD, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Reopen Discovery, (Doc. No. 173), which Defendant Patricia McEntire opposes, (Doc. No. 176).

I.     **BACKGROUND**

Plaintiff Marion Lamont Sherrod filed a *pro se* civil rights suit pursuant to 42 U.S.C. § 1983 alleging federal constitutional violations while he resided at the Marion Correctional Institution. A trial has been scheduled to commence on March 5, 2018, on Plaintiff's Eighth Amendment claim against the sole remaining defendant, Patricia McEntire. Plaintiff filed the Complaint *pro se* and represented himself through discovery and dispositive motions. However, *pro bono* counsel entered appearances for Plaintiff on September 19, 2017. Counsel now seeks to reopen limited discovery as set forth in a detailed motion, arguing that Plaintiff was unable to obtain the discovery for himself due to his *pro se*, indigent, incarcerated status. (Doc. No. 173). He now seeks the following:

    a.     Depositions of: (a) McEntire; (b) a Rule 30(b)(6) witness to testify on item 2 below and the lack of video footage of Mr. Sherrod's medical emergencies; (c) one medical professional who treated Mr. Sherrod—likely Jollae Ballard or Connie Chapman, depending on further analysis; and (d) Sgt. Eric Wilson, who was

1

involved in denying Mr. Sherrod's request for a lower-tier cell;

b.  MCI Policies and Procedures1 on: (a) retention of surveillance footage; (b) escorting inmates; (c) cell assignments/transfers, including for handicap cells; (d) accommodating medical conditions; (e) inmate requests/grievances; and (f) Unit Managers' duties;

c.  For November 7–17, 2009: (a) MCI E-Unit Shift Narratives and/or other documents showing MCI personnel activity with respect to Mr. Sherrod; (b) his Segregation Health Evaluation Logs (DC-802); and (c) all communications regarding Mr. Sherrod's medical emergencies;

d.  All medical records for Mr. Sherrod not already produced;

e.  All records given to MCI in connection with Mr. Sherrod's transfer to MCI;

f.  All documents reflecting Mr. Sherrod's cell placements at MCI, including all documents relating to the assessment of Mr. Sherrod's need for a lower-tier cell;

g.  All activity restriction forms for Mr. Sherrod (including on Form DC-386B);

h.  Legible copies of NCDOC Administrative Remedy Procedure Grievance Forms (DC-410) filed by Mr. Sherrod on November 14, 2009 and January 3, 2010, and all documents relating to those grievances; and

i.  Ten interrogatories directed to McEntire.

(Doc. No. 173 at 2-3).

Defendant McEntire opposed the Motion to Reopen Discovery, arguing that *pro se* Plaintiff failed to diligently pursue discovery and that the later entry of an appearance by counsel does not warrant reopening discovery. (Doc. No. 176). Defendant McEntire argues that reopening discovery at this juncture would be prejudicial because trial is scheduled to commence in less than six months and pretrial materials will be due in approximately two months, and therefore, Plaintiff's requests would likely require significant extension of the trial date. Defendant McEntire also argues that the amount of discovery Plaintiff seeks is excessive.

## II.     DISCUSSION

The court has "wide latitude in controlling discovery and … [t]he latitude given the district courts extends as well to the manner in which it orders the course and scope of discovery." <u>Ardrey v. United Parcel Service</u>, 798 F.3d 679, 682 (4th Cir. 1986). A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" means that "scheduling deadlines cannot be met despite a party's diligent efforts." <u>Dilmar Oil Co. v. Federated Mut. Ins. Co.</u>, 986 F.Supp. 959, 980 (D.S.C. 1997) (citations omitted). In deciding whether additional discovery is appropriate, courts have considered the following factors: whether trial is imminent; whether the request to reopen discovery is opposed; whether the non-moving party would be prejudiced; whether the moving party was diligent during the discovery period; the foreseeability of the request based on the time line set forth by the court; and the likelihood that the discovery will lead to relevant evidence. See <u>Smith v. United States</u>, 834 F.2d 166, 169 (10th Cir. 1987); <u>Chester v. Adams Auto Wash, Inc.</u>, 2015 WL 9222893 at *2 (E.D.N.C. Dec. 17, 2015).

Plaintiff's motion to reopen discovery will be granted insofar as counsel's Motion to Reopen Discovery overlaps with the *pro se* Motion to Compel Discovery that Plaintiff filed at the close of the discovery period set forth in the scheduling order. However, the Motion to Reopen Discovery will be denied insofar as *pro bono* counsel seeks discovery in completely new areas.

The record reveals that Plaintiff attempted to engage in discovery when he was proceeding *pro se* and succeeded in obtaining over 400 pages of discovery. However, he apparently felt that all his requests had not been fulfilled and filed a Motion to Compel just before the discovery deadline closed. (Doc. No. 117). In it, he sought, *inter alia*:

- [Plaintiff's] complete prison record
- All … reports about the incident on 11-15-09

3

- All medical records of Plaintiff from the time of his incarceration in Marion Correctional Institution….

- Any and all policy and procedures of the North Carolina Department of Corrections/Department of Public Safety

- Any and all procedures specific to Marion Correctional Institution

- documents reflecting 11-08-09, 11-15-09 and 4-1310 medical emergencies … pertaining to [Plaintiff]

- All documented record of both, the security screen and segregation health evaluation logs pertaining to the Plaintiff on 11-08-09, 11-15-09 and 4-13-10

- All written statements … identifiable as reports of any and all investigations concerning the Plaintiff during his housing at M.C.I. between 9-9-09 to 4-13-10, including … emergencies, disciplinary infractions, grievances, grievance investigations and resulting actions taken to remedy said grievances...

- All documents reflecting actual supervision of prisoners in the Marion Correctional Institution, including but not limited to 11-8-09, 11-15-09, and 4-13-10, … identifies of officers working E-unit and shift narrative….

(Doc. No. 117 at 1-5).1

Items (b) through (h) in *pro bono* counsel's present Motion to Reopen cover substantially the same subject matter as Plaintiff's *pro se* Motion to Compel.[2] (Doc. No. 173). The Motion to Compel illustrates that Plaintiff attempted to engage in discovery so far as his circumstances and skill level permitted. He should be granted the benefit of counsel's expertise to further explore those areas that he diligently attempted to explore during the discovery period, but was unable to

---

[1] The Court denied the Motion to Compel because the requests were overly broad and the Defendants had provided substantial discovery. See (Doc. No. 132).

[2] This observation does not suggest that Defendant is precluded from objecting on grounds including over-breadth.

accomplish, while proceeding *pro se*. The main prejudice that Defendant McEntire cites is trial delay. The Court is not unsympathetic to Defendant McEntire's concern, and therefore, discovery will be reopened for the limited period of 60 days.

However, the Motion to Reopen Discovery will be denied insofar as Plaintiff seeks to conduct depositions and propound interrogatories to Defendant McEntire in items (a) and (i) of his Motion. The Court is unaware of any attempts by Plaintiff during the discovery period to attempt to conduct depositions or propound any interrogatories on Defendant McEntire. Therefore, the Court finds that Plaintiff was not diligent with regards to items (a) and (i) in his Motion to Compel, and good cause does not exist to permit discovery in those areas.

Therefore, Plaintiff's Motion to Reopen Discovery will be granted with regards to items (b) through (h), however, the depositions and interrogatories identified in items (a) and (i) in the Motion are denied.

### IV. CONCLUSION

In sum, for the reasons stated herein, the Court grants in part Plaintiff's Motion to Reopen Discovery so that Plaintiff may pursue items (b) through (h) in his Motion to Reopen Discovery for a period of 60 days, however, his requests to conduct depositions and propound interrogatories on Defendant McEntire are denied.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Reopen Discovery (Doc. No. 173) is **GRANTED** in part for a period of 60 days, and **DENIED** in part as set forth in this Order.

Signed: December 18, 2017

Robert J. Conrad, Jr.
United States District Judge

5